**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

Sammie Ford

      Plaintiff,

vs.

Cavalry Portfolio Services LLC,

      Defendant.

Case No.: 14 LM 3683
Division: ___

13

9-22-14

## PETITION

### COUNT I
**(Assessing and reporting**
**interest for which Defendant is not entitled by contract or law - Violation of the Fair**
**Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)**

Comes now Plaintiff Sammie Ford and for Plaintiff's petition against Defendant

Cavalry Portfolio Services LLC hereby alleges as follows:

1.      Plaintiff is a natural person residing in Kansas.

2.      Defendant regularly conducts business in the state of Kansas.

3.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged

to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C.

§1692a(5).

4.      Defendant is regularly engaged in the third-party collection of consumer

debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act

(hereafter FDCPA), at U.S.C. §1692a(6).

5.      Defendant is engaged in the business of purchasing and collecting

"charged-off" consumer accounts alleged to have been originally owed to others



EXHIBIT
4

(hereinafter "originating creditor").

      6.      On April 2014, Defendant reported to a credit reporting agency, Equifax, that it has purchased a consumer account from GE Capital Retail Bank and, pursuant to that purchase, and Defendant now alleges that it stands in the shoes of GE Capital Retail Bank and is entitled to enforce the account pursuant to that purchase.

      7.      On April 2014, Defendant reported to a credit reporting agency, Experian, that the amount owed was $8217.00 as of April 2014.

      8.      On the same credit report, the creditor from whom Defendant purported to purchase the debt, GE Capital Retail Bank, reported that it had charged off the debt at an amount less than $8217.00.

      9.      Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, GE Capital Retail Bank.

      10.      The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

      11.      TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

      12.      That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

      13.      Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than

$1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

14.    However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

15.    One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and <u>will not charge any additional fees or interest on the account</u>. *Id.* at § 226.5(b) (2)(i).

16.    Therefore, under applicable regulations, GE Capital Retail Bank was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" 12 C.F.R. § 226.5(b)(2)(I).

17.    Previous to the alleged purchase of the account by the Defendant from GE Capital Retail Bank, GE Capital Retail Bank charged-off an account alleged to have been incurred by Plaintiff.

18.    Because GE Capital Retail Bank had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

19.    Therefore after charging-off the account, GE Capital Retail Bank did not send any billing statements regarding the account to the debtor.

20.    GE Capital Retail Bank took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

3

21.     The legal tradeoff for entitling GE Capital Retail Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

22.     Therefore, after the account was written off, GE Capital Retail Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

23.     Furthermore, GE Capital Retail Bank had therefore waived its right to charge interest on the charged off account.   *Simkus v. Cavalry Portfolio Services, LLC,* 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC,* Case No. 2:11-cv-13080, ED Michigan 2013.

24.     Defendant professes to be in the same shoes as GE Capital Retail Bank.

25.     Defendant would not acquire any greater rights than GE Capital Retail Bank had at the time of the alleged purchase.

26.     At the time of the alleged purchase, GE Capital Retail Bank did not have the legal right to charge interest.

27.     There is no legal basis for Defendant to charge interest on the charged-off account for which GE Capital Retail Bank failed to maintain periodic statements.

28.     By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

4

29.     By reporting that interest was due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692e(a)8 which prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

30.     The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

31.     The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

32.     The above-described acts are misleading to the least sophisticated consumer.

33.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

35.    Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

36.    Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

37.    Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

38.    The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

39.    K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

40.    The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics,*

6

*ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has*

*a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

41.     Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

42.     In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

> *(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

43.     Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

44.     By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

45.     Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

46.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

47.     Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

7

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a.      Award actual damages and restitution to Plaintiff;

b.      If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c.      Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d.      Such other and further relief as the Court deems just and equitable.


                                        Respectfully Submitted,
                                        ATTORNEYS FOR PLAINTIFF


                                        A.J. STECKLEIN #16330
                                        MICHAEL RAPP # 25702
                                        Consumer Legal Clinic, LLC
                                        748 Ann Ave
                                        Kansas City, KS 66101
                                        Telephone: (913) 371-0727
                                        Facsimile: (913) 371-0147
                                        Email: aj@kcconsumerlawyer.com
                                               mr@kcconsumerlayer.com

8

ELECTRONICALLY FILED
2014 Aug 11 AM 10:05
CLERK OF THE DISTRICT COURTS
CASE NUMBER: 2014-LM-003683

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**LIMITED ACTIONS DEPARTMENT**

Sammie Ford,

                        Plaintiff,

vs.                                                    Case Number: 14-LM-3683

Cavalry Portfolio Services LLC                Division: 13

                        Defendant.

---

**RETURN OF SERVICE**
**(CERTIFIED MAIL SERVICE)**

    I hereby certify that I have served the within civil process: (1) By mailing on the 6th day of August, 2014, a Petition and Summons in the above-captioned matter by certified mail return receipt requested to Defendant, Cavalry Portfolio Services LLC; (2) the name and the address on the envelope containing the process mailed by certified mail return receipt requested were as follows: Cavalry Portfolio Services LLC, Registered Agent: The Corporation Company Inc., 112 SW Seventh Street, Suite 3C, Topeka, Kansas 66603. The original of certified mail return receipt is attached.


                        Respectfully Submitted,

                            /s/ A.J. Stecklein
                        By: _____
                        A.J. Stecklein #16330
                        Michael H. Rapp # 25702
                        Consumer Legal Clinic, LLC
                        748 Ann Ave
                        Kansas City, KS 66101
                        Telephone:  (913) 371-0727
                        Facsimile:  (913) 371-0147
                        Email:  aj@kcconsumerlawyer.com
                                mr@kcconsumerlayer.com
                        Attorneys for Plaintiff

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cavalry Portfolio Services
Registered Agent:
The Corporation Company Inc.
112 SW Seventh Street, Suite 3C
Topeka, Kansas 66603

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
AUG 0 7 2014

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail®    ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
*(Transfer from service label)*    7014 0150 0000 1822 8201

PS Form 3811, July 2013    Domestic Return Receipt